## AFFIDAVIT OF MATTHEW H. O'SHAUGHNESSY

I, Matthew H. O'Shaughnessy, being duly sworn, do state that:

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for approximately five years. I am currently assigned to Boston Group IV, which investigates firearms related activities in the eastern portion of Massachusetts. As a result of my participation in firearms investigations and training I have received as an ATF Special Agent, I am familiar with federal narcotics laws and know that it is a violation of 21 U.S.C. 841(a)(1) for any person to possess narcotics with the intent to distribute them. Based on my training and experience, I am familiar with cocaine base, also known as crack cocaine, its appearance, and how it is packaged and sold.

2. This affidavit is submitted in support of a criminal complaint charging Dujuane McNickles, year of birth 1978, ("McNickles") with knowingly and intentionally possessing with intent to distribute more than five grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

3. The facts set forth in this affidavit are known to me from my involvement in the investigation of this case and my

conversations with other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing probable cause that McNickles committed the crime specified above and, as such, does not contain every fact I have gathered during this investigation.

4. On June 24, 2004, along with other law enforcement officers, I executed a search warrant issued by this Court (Swartwood, U.S.M.J.; Case No. 04-1775-CBS). The location searched was 132 Van Buren Street, New Bedford, Massachusetts ("the search premises"). McNickles was in the search premises when agents arrived to execute the search warrant.

5. During the search, agents located inside a safe in a bedroom an off-white rock-like substance that, based on my training and experience, appears to be crack cocaine. Preliminary or "field" testing indicated that the substance contains cocaine. (Further testing by the state laboratory will confirm whether it is crack cocaine.) Also in the safe, agents located $713 in U.S. currency. The seized crack cocaine was in a small plastic bag. Agents also located in the search premises a digital scale that, based on my training and experience, is suitable for weighing illegal narcotics. I used the scale to weigh the seized crack cocaine. According to that measurement, the crack weighs 7.9 grams. Based on my training and experience, possession of that quantity of crack cocaine is consistent with

the amount one would possess for the purpose of selling it. It is an amount greater than one would commonly possess for personal use. During the search, agents also found plastic baggies of the type that, based on my training and experience, are commonly used for street-level sales of crack cocaine.

6. After being advised of his rights under <u>Miranda</u>, McNickles made a statement. Among other things, he acknowledged that the substance located in safe is crack cocaine and belonged to him. He stated that it was six or seven grams of crack.

7. Based on the foregoing, there is probable cause to believe that McNickles possessed with intent to distribute more than five grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

_____
Matthew H. O'Shaughnessy
Special Agent
Bureau of Alcohol, Tobacco & Firearms

Sworn to and subscribed before me this 24th day of June, 2004.

_____
CHARLES B. SWARTWOOD, III
United States Magistrate Judge